Filed 12/1/25  P. v. Leon CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE AUGUSTINE LEON,<br><br>    Defendant and Appellant. | F089067<br><br>(Super. Ct. No. F09904233)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from an order of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Levy, J. and Detjen, J.

In 2011, after a jury trial, appellant and defendant Jose Augustine Leon (appellant) was convicted of count 1, first degree murder (Pen. Code,[1] § 187, subd. (a)) with a gang special circumstance (§ 190.2, subd. (a)(22); and count 2, attempted murder (§§ 664/187, subd. (a)), with gang enhancements.  In 2012, he was sentenced to seven years plus life in prison without the possibility of parole.

In 2014, in appellant's direct appeal, this court vacated certain assessments, remanded for imposition of assessments that were required by statute, and otherwise affirmed the judgment.  (*People v. Leon* (May 9, 2014, F064119) [nonpub. opn.].)  The trial court subsequently filed amended abstracts of judgment.

In 2024, the trial court denied appellant's section 1172.6 petition for resentencing for failing to state a prima facie case.

On appeal from the denial of his section 1172.6 petition, appellant's counsel filed a brief with this court pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record.

On July 24, 2025, this court sent an order to appellant stating his appellate counsel filed a brief that indicated no arguable issues had been identified for appeal, and our Supreme Court held in *Delgadillo* that independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436 is not required for appeals from the denial of section 1172.6 petitions when proper notice is given.  In accordance with the procedures set forth in *Delgadillo,* appellant was advised that he had 30 days in which to file a supplemental letter or brief raising any arguable issues he wanted this court to consider and if he did not file a letter or brief this court may dismiss the appeal as abandoned.  We did not receive a letter or brief within the 30-day period.

---

[1]     All further statutory citations are to the Penal Code.

Since more than 30 days have elapsed and we have received no communication from appellant, we consider this appeal to be abandoned and consequently dismiss it.

## **DISPOSITION**

The appeal is dismissed.